CITY OF RALEIGH v. JAMES M. STELL AND RALEIGH CIVIL SERVICE COMMISSION

No. 8110SC17

(Filed 15 September 1981)

**Municipal Corporations § 9.1— Civil Service Commission—no authority to appoint respondent as police major**

The Civil Service Commission of the City of Raleigh had no authority to entertain an appeal from a decision of the chief of police not to appoint respondent to the rank of major in the police department since a police major is a "division head" whose position is exempt from the provisions of the Civil Service Act.

APPEAL by respondent James M. Stell from *Clark, Judge.* Order filed 21 August 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 3 June 1981.

Captain James M. Stell of the Police Department of the City of Raleigh instituted this proceeding by appealing the decision of Raleigh Police Chief Heineman not to promote him to the rank of Major. Captain Stell first appealed to Chief Heineman and, thereafter, he proceeded with his review efforts through administrative channels, until, pursuant to the Civil Service Act [hereinafter "Act"] of the City of Raleigh (1971 N.C. Sess. Laws,

Chapter 1154), he took his appeal to the Raleigh Civil Service Commission [hereinafter "Commission"]. In his letter requesting review of Chief Heineman's decision not to promote him, Captain Stell stated that by education, experience, tenure, and time in grade as captain, he was qualified for promotion and that his not being promoted was the result of his application for the position of police chief, his innovative police procedures, and a systematic effort by his immediate supervisor to harass him and to pursue a personal vendetta against him.

During nine days of hearings held from 19 November 1979 through 19 May 1980, the Commission heard testimony of various witnesses and received written reports and documents concerning Captain Stell's complaint. On 19 May, the Commission adopted an Order (later signed on 4 June 1980) which contained, *inter alia,* the following findings of fact: that on 1 July 1976, Captain Stell, an officer in good standing since 1951, was given additional duties which essentially comprise those presently being performed by now-Major Haley, the major promoted over Captain Stell; that since 1978, Tom Justice and John V. Haley had been promoted to the rank of major without formal solicitation made of Captain Stell as required by City Policy, 100-6; that Captain Stell testified, under oath and without refutation, that his education, command experience in the Investigative Platoon, and length of service qualified him above Haley for the position of major; that Captain Stell's allegations of violations of the merit principle were unrefuted; and that Captain Stell's appeal for promotion and back pay were timely under the applicable provisions of City Personnel Policies and Procedure.

From these findings, the Commission concluded that John Haley's promotion was in violation of the merit principle; that, from July 1976 until early 1979, Stell had served, for compensation as a captain, in a position previously and subsequently held by a major; that Stell was the victim of reprisal for his proper processing of grievances; and that Stell was better qualified than Haley for the position of major. The Commission ordered that Stell be promoted to the rank of major upon the next vacancy and that he be reimbursed, with interest, the difference between major's pay and the pay he received from July 1976 through the date of the Commission's order.

From this order, the City of Raleigh, acting pursuant to the provisions of G.S. 7A-250, petitioned the Wake County Superior Court for a writ of certiorari to review the decision of the Commission. After having reviewed the petition, the briefs of the parties, the record of the Commission's hearing, and arguments of counsel, the court struck down several of the Commission's findings of fact as not supported by substantial evidence from the record or as having no probative value. The court also struck all four of the Commission's conclusions of law as erroneous and not based upon any competent evidentiary findings of fact. After concluding that the orders of the Commission were not supported by competent findings of fact or conclusions of law, the court made the following conclusions:

(9) That the position of police major is that of a Division Head as defined by applicable Personnel and Policy Procedures of the City of Raleigh. The Raleigh Civil Service Act does not apply to said position and by necessary implication appointments to the position of police major are exempt from the Civil Service Act. The Civil Service Commission is without jurisdiction or authority to order the appointment of anyone to the position of police major. Order Number 1 of the Commission directing the appointment of the respondent to that position exceeds the authority and powers deligated [sic] to the Commission by the Legislature and is in error. Further, said order is erroneous in that it no way [sic] affirms, modifies, or reverses the action of the City which appointed John V. Haley to the position of police major;

(10) The Commission erred in failing to dismiss respondent's claim for back pay and in entering order Numbers 2 and 3 directing that the respondent be reimbursed the difference between the major's pay and the pay which he did receive for the period from July, 1976, to May 19, 1980, and interest thereon. The Commission has no jurisdiction or authority to entertain an appeal regarding said matter as the same exceeds the power, authority and duty conferred upon the Commission by Ch. 1154 S.L. 1951(f). Further, in the absence of finding or showing that the respondent had filed a grievance regarding said matter and exhausted available administrative remedies, the Commission was without jurisdiction to determine said matter or enter orders thereon.

The Court thereafter reversed and set aside the decision of the Raleigh Civil Service Commission. From this order, respondent Stell appealed.

*Police Attorney Kurt C. Stakeman for petitioner-appellee.*

*Lake & Nelson, by Broxie J. Nelson, for respondent-appellant.*

HILL, Judge.

Respondent presents numerous assignments of error for this Court's consideration. Because of this Court's interpretation of the Civil Service Act of the City of Raleigh, as reported in the opinion, *In the Matter of: Hubert Y. Altman,* 52 N.C. App. 291, 278 S.E. 2d 297 (1981), we deem it necessary to discuss only one issue raised by respondent.

In the *Altman* case, this Court reviewed the Raleigh Civil Service Act as it related to the promotion of Captain Altman to Fire Marshal of Raleigh. The Court held that since the position of Fire Marshal is exempt from the provisions of the Act, the Commission had no authority to entertain Altman's appeal of the City's refusal to promote him to that position.

After reviewing the record in the instant case, we find that the position of major is exempt from the Civil Service Act and that the Commission had no jurisdiction to hear Captain Stell's appeal. Section 1 of Chapter 1154 of the 1971 North Carolina Session Laws stated in pertinent part:

> (b) *Merit Principle.* All appointments and promotions of the City officers and employees shall be made solely on the basis of merit and fitness demonstrated by examination or other evidence of competence. However, any employee who contends that he was not promoted because of bias or for reasons not related to merit, fitness or availability of positions, shall have the right, after exhausting all administrative remedies, to appeal his cause to the Civil Service Commission.

> (c) *Employees Subject to Act.* This act shall apply to all officers and employees of the City except the following:

> (1) Officials elected by the people.

(2) Employees or officials appointed by the City Council or appointed by the City Manager and approved by the City Council and their immediate secretaries.

(3) Department heads, Division heads, and their immediate secretaries.

(4) Part-time or non-permanent officers or employees.

(5) Employees serving their probationary periods before becoming permanent employees not to exceed eight months.

\*    \*    \*

(f) *Appeal Board.* The Civil Service Commission shall act as an appeal board to hear all appeals of employees regarding violation of City policy, suspensions, layoff, removal, promotions, forfeiture of pay or loss of time; but the Board shall have no jurisdiction to hear an appeal until all administrative remedies have been exhausted pursuant to the City's established grievance procedure.

The Civil Service Commission shall have the authority to affirm, modify or reverse, as it deems necessary, those actions over which it has jurisdiction.

The record shows that the position of major in the Raleigh Police Department is described as "administrative and managerial work in the direction and control of the activities of a major police division." There are three majors in the department, and those majors fill top command positions, second only to the Police Chief. Under Section 1(c)(3) of the Act, the position to which Captain Stell sought promotion was exempted from the Act. The Commission therefore had no jurisdiction over Captain Stell's complaint concerning his promotion. It follows that since the position of major is exempt from the Act, the Commission had no jurisdiction to hear an appeal in which Captain Stell sought major's pay for a period of time during which he, as a captain, allegedly performed the tasks of a major.

For the reasons set forth above, the Commission's order of 4 June 1980 was properly vacated. The order of the superior court, to the extent that it held the Commission had no jurisdiction over Captain Stell's appeal, is

Affirmed.

Judges MARTIN (Robert M.) and CLARK concur.